UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOHN P. ARTHUR, et. al., )<br>)<br>Defendants. ) | Case No. 4:10CV01561 AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on the United States' request for the entry of an order specifying the terms and conditions applicable to the Unites States' sale of the real property located at 12894 Pelham Estates Drive, St. Louis, Missouri 63131 ("the Property") to the judgment entered in this action authorizing the foreclosure of federal tax liens against Defendants Arthur and Tandy Thompson.  Defendants object to the entry of the order proposed by the United States ("the Proposed Order of Sale").

Arthur and Thompson object to Paragraph 4 of the Proposed Order of Sale, which requires them to take reasonable steps to preserve the Property in its current condition, including maintaining an insurance policy on it, until it is sold.  That paragraph also prohibits Arthur and Thompson from committing waste against the Property, doing anything that reduces the value or marketability of the Property, or permitting anyone else to take any of those actions.  Arthur and Thompson assert that there is no legal basis for the imposition of these conditions.  In addition, Arthur asserts that because Thompson has

an order of protection against him, he cannot visit the Property and will not be able to comply with these conditions.  The Court finds these assertions without merit.

Pursuant to 26 U.S.C. § 7403(c) and 28 U.S.C. § 2001(a), the Court has authority to order a sale of the Property to permit enforcement of its judgment.  The language in Paragraph 4 is not unreasonable or unwarranted.  Arthur and Thompson currently hold legal title to the Property, and when the Property is sold, Arthur and Thompson will benefit. Arthur's one-half share of the net sale proceeds will reduce his delinquent tax liabilities.  Thompson will receive the other half of the net sale proceeds for her own personal use.  An order requiring the preservation of the Property and prohibiting actions that may reduce its value or marketability is consistent with their interests as well as the interests of the United States.  In addition, the conditions here are not unusual, and district courts have issued orders of sale containing the same terms as those in Paragraph 4 of the proposed order.  *See, e.g.*, *United States v. Kennedy*, No. 1:05-CV-00084, 2007 WL 1424448 at * 3 (D. N.D. April 3, 2007); *United States v. Drescher*, No. 01-1705 (RHK/JMM), 2004 Wl 909427 at *3 (D. Minn. Mar. 15, 2004).

With respect to the effect of the order of protection, the Court agrees with the United States' assertion that because none of the requirements of Paragraph 4 require Arthur to visit the property, the protective order will not prevent him from complying with the order of sale.

Arthur also objects to the portion of Paragraph 5 of the Proposed Order of Sale which states that all persons occupying the Property must vacate it upon 30 days notice and determines the disposition of any personal property left behind.  Arthur takes issue

2

with this provision, asserting that the protective order would keep him from timely retrieving any personal items he may have at the Property.  The United States has offered alternative language allowing Arthur an additional five days, after Thompson has vacated, to retrieve his personal items from the Property.  In the Court's view, this change adequately addresses Arthur's concern.

For the reasons set forth above the Court will enter the Proposed Order of Sale with the modification suggested by the United States to address Arthur's objections.

Accordingly,

**IT IS HEREBY ORDERED** that the United States' request for entry of an Order of Sale is **GRANTED**.  (Doc. No. 111.)  A separate Order of Sale shall be entered.


                                                            AUDREY G. FLEISSIG
                                                          UNITED STATES DISTRICT JUDGE

Dated this 3rd day of October, 2012.